JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-07279 MMM (JCGx) | Date | December 12, 2011 |
|---|---|---|---|

| Title | *Aurora Loan Services, LLC v. Trevor et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Order Remanding Action to Superior Court for Lack of Subject Matter Jurisdiction[4]

## I.  FACTUAL BACKGROUND

On March 2, 2011, plaintiff Aurora Loan Services, LLC filed this unlawful detainer action against Daniel Trevor and certain ficticious defendants in Los Angeles Superior Court.[1]  The complaint involves a post-foreclosure eviction, and states that the amount of damages sought does not exceed $10,000.[2]  On September 2, 2011, Trevor removed the action to this court.  In his notice of removal, Trevor asserts that the case falls within the court's diversity jurisdiction, and that "[p]laintiff's actions have triggered the federal statute prohibiting unlawful debt collection practices act (28 U.S.C. § 1692)."[3]

---

[1] Notice of Removal of Action ("Removal"), Docket No. 1 (Sept. 2, 2011); Exh. 1 (Complaint for Unlawful Detainer ("Complaint")).

[2] Complaint at 1-2.

[3] Removal at 3.  Defendant may mean to reference the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, since 28 U.S.C. § 1692 does not concern debt collection.

On September 30, 2011, Aurora moved to moved to remand the case to state court.[4] Trevor has not opposed the motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds plaintiff's motion for decision without hearing. Having carefully reviewed the moving papers, and noting that no opposition has been filed, the court grants the motion.

## II.  DISCUSSION

### A.    Defendant's Failure to File a Timely Opposition

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Ca CD L.R. 7-12. As noted, Trevor failed to oppose plaintiff's motion by the deadline set forth in the court's advance briefing order or by that established in the Local Rules. Under Rule 7-12, the court could grant plaintiff's motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"). Nonetheless, the court reviews the merits of the motion below.

### B.    Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d

---

[4]Motion to Remand("Motion"), Docket No. 4 (September 30, 2011).

662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### C. Whether Defendant's Removal Was Timely

A defendant does not have unlimited time to remove an action to federal court. Under 28 U.S.C. § 1446,

> "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Trevor was served on March 11, 2011.[5] His removal of the action more than five months later is therefore untimely.

### D. Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). While Trevor asserts in his notice of removal that the parties' citizenship is diverse, he does not identify either his citizenship or Aurora's.[6] Aurora asserts in its motion that Trevor is a citizen of California.[7] Under 28 U.S.C. § 1441(b), a case may not be removed on diversity grounds when a defendant is a citizen of the state in which the action is brought. Trevor has not disputed that he is a citizen of California, which would prevent him from removing a case filed in a California court on diversity grounds.

Additionally, the amount in controversy is determined from the complaint, unless it appears to a legal certainty that an amount different that the amount pled in the complaint is at issue. *Horton*

---

[5]See Motion, Exh. 2 (Proof of Service).

[6]Removal at 3.

[7]Motion at 3.

*v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking to remove must prove to a "legal certainty" that the amount in controversy is satisfied where a specific amount is alleged in the complaint). In its complaint, Aurora seeks restitution of the property, court costs, and an amount equal to the reasonable rental value of the property, which it estimates to be $50.00 per day, beginning on February 23, 2011.[8] It filed the action as a limited civil case, indicating that the amount demanded did not exceed $10,000, and waived "any recovery in excess of the jurisdiction of this court."[9] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Both at the moment of removal and today, the combined total of $50.00 per day since February 23, 2011 does not exceed $75,000. more.

Because Trevor appears to be a citizen of California and because it does not appear to a legal certainty that the amount in controversy is more than $75,000, the court does not have diversity jurisdiction to hear the action.

### E. Whether the Requirements for Federal Question Jurisdiction are Met

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

---

[8]Complaint,¶¶ 7, 11-12.

[9]*Id.*, ¶ 12.

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Aurora's complaint does not, on its face, raise a federal question. Aurora states a single unlawful detainer claim, which falls outside federal question jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

While Trevor suggests that the Fair Debt Collection Practices Act provides a basis for federal jurisdiction,[10] Aurora's complaint does not mention that statute or any other federal law. Any allegations by Trevor that Aurora has violated the act would constitute either a defense or a counterclaim, neither of which would provide a basis for federal jurisdiction. *Pacifca L. Sixteen, LLC v. Lopez*, No. 1:11–cv–01342–AWI–SKO, 2011 WL 4375007, *2-3 (E.D. Cal. Sept. 19, 2011) (allegations that plaintiff had violated the Fair Debt Collection Practices Act was a defense, and did not provide federal question jurisdiction in an unlawful detainer action); *Wertz v. Baltakian*, No. CV 10–7730 CAS (JCx), 2010 WL 4795376, *1 (C.D. Cal. Nov. 16, 2010) (same); *GMAC Mortg. v. Amaya*, No. C 10–03665 SBA, 2010 WL 4924760, *1 (N.D. Cal. Nov. 8, 2010) ("Here, Defendants' notice of removal alleges that Plaintiff brings claims in the state court action under the Fair Debt Collections Practices Act and the Truth in Lending Act. That is simply incorrect. Plaintiff's complaint is solely for unlawful detainer and does not assert any federal cause of action; in fact, the complaint makes no mention of any federal statute" (citations omitted)).

Therefore, the court lacks federal question jurisdiction to hear this case.

---

[10]Motion at 3.

## III.  CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted, and the clerk is directed to remand this case to Los Angeles Superior Court forthwith.